FILED

2002 MAY 16 P 12: 10

US DIST. COURT
CALIF
BY_____ LN

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PALLET RECOVERY LLC and PEACHTREE GROUP LLC,<br><br>    Plaintiffs,<br><br>v.<br><br>FRUIT PATCH, INC., a California Corporation,<br><br>    Defendant. | CV F 02-5412 AWI SMS<br><br>ORDER REMANDING ACTION |

In this removal action, Plaintiffs Pallet Recovery LLC and Peachtree Group LLC allege four state causes of action, based on a contract for the lease of pallets. This action was commenced in the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida on March 5, 2002, and removed to this court by Defendant Fruit Patch, Inc., on April 17, 2002.

The federal removal statute permits the removal from state court to federal court of cases that might have been filed in federal court originally. See 28 U.S.C. § 1441(a). Here, original jurisdiction would have existed, if at all, under 28 U.S.C. 1332(a)(permitting suits in federal court where the parties are diverse in citizenship and the amounts in controversy exceeds $75,000.00 "exclusive of interest and costs"). The Ninth Circuit has stated that the removal statute is construed "strictly" against permitting removal, Boggs v. Lewis, 863 F.2d

662, 663 (9th Cir. 1988)(citation omitted), and in diversity cases a "strong presumption" against removal requires that removal jurisdiction "be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)(citations and internal quotation omitted).

The controlling statute, 28 U.S.C. § 1441, provides in subsection (a) that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States <u>for the district and division embracing the place where such action is pending</u>." (Emphasis added.) At the time of the removal of this action, it was pending in the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida. Thus, removal could have been properly made only to the United States District Court embracing that Florida Circuit Court, and removal to this court was improper.

Accordingly, this case is hereby REMANDED to the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida The Clerk of the Court is directed to serve a certified copy of this order upon the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida, and to serve the parties in the usual manner.

As a general rule, where an action has been removed from state court to federal court and the federal court remands the matter to state court, a second or successive removal to federal court is not permitted. See, e.g., St. Paul & C. Ry. Co. v. McLean, 2 S. Ct. 498, 500 (1883) ("we are of the opinion that a party is not entitled . . . to file a second petition for the removal [of an action] upon the same grounds [as the first removal], where, upon the first removal by the same party, the federal court declined to proceed and remanded the suit . . . ."); see also Seedman v. United States Dist. Court, 837 F.2d 413, 414 (9th Cir. 1988) ("a second removal petition based on the same grounds [as the first] does not 'reinvest' the court's jurisdiction") (citations omitted). In the event of a second or successive removal of this matter by any party, however, the following procedures shall apply.

Any party or attorney filing a second or successive removal shall not file the second or successive removal under this case number, but as a new action. Any such second or successive removal shall be accompanied by a new filing fee in the usual amount. Upon receipt of the second or successive notice of removal the Clerk of the Court shall cause the action to be assigned to Judge Ishii.

IT IS SO ORDERED

DATED: 5-16-02

ANTHONY W. ISHII
UNITED STATES DISTRICT JUDGE

United States District Court
for the
Eastern District of California
May 17, 2002

* * CERTIFICATE OF SERVICE * *

1:02-cv-05412

Pallet Recovery, LLC

   v.

Fruit Patch, Inc.

---

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Eastern District of California.

That on May 17, 2002, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office, or, pursuant to prior authorization by counsel, via facsimile.

    Scott R Willinger                                         AWI SMS
    PRO HAC VICE
    Law Office of Scott R Willinger
    8180 North West 36th Street
    Suite 100
    Miami, FL  33166

    Michael Lawrence Farley
    Farely Law Firm
    1000 West Main Street
    Visalia, CA  93291

    CIVIL CLERK
    In The Circuit Court of the 17th Judicial Circuit
    In And For Broward County, Florida
    201 S.E. 6th Street
    Fort Lauderdale, FL 33301

CERTIFIED COPY OF 5/16/02 ORDER

                                            Jack L. Wagner, Clerk

                                            BY:
                                            Deputy Clerk